IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMI BURNS, )
      Plaintiff, )
)
    v. ) 2:13-CV-885
)
)
COMMISSIONER OF SOCIAL )
SECURITY, )
      Defendant. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below the plaintiff's motion for summary Judgment (ECF No. 18) will be denied, the defendant's motion for summary judgment (ECF No. 20) will be granted and the decision of the Commissioner will be affirmed.

    On June 25, 2013, Tami Burns filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423. Subsequently, counsel entered her appearance on the plaintiff's behalf.

    On January 21, 2010, the plaintiff filed an application for disability benefits alleging that she had been disabled since May 8, 2006 (R.110-111), and benefits were denied on May 11, 2010 (R.48-53). On June 16, 2010, the plaintiff requested a hearing (R.54-55) and pursuant to that request a hearing was held on August 18, 2011 (R.28-45). In a decision dated September 23,

2011, benefits were denied (R.5-23), and on November 22, 2011, reconsideration was requested (R.4). Upon reconsideration and in a decision dated April 11, 2013, the Appeals Council affirmed the prior determination (R.1-3). On June 25, 2013, the instant complaint was filed.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain her burden of demonstrating that she was disabled within the meaning of the Social Security Act.

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Commissioner, 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

At the hearing held on August 18, 2011 (R.28-45), the plaintiff appeared with counsel (R.30) and testified that she was born on August 20, 1960 (R.32); that she completed twelfth grade (R.32); that she last worked in May 2006 (R.32) and that she spends most of her time at home (R.35-36). The plaintiff also testified that she takes medication for anxiety, depression and back pain and attends physical therapy (R.39, 41).

At the hearing a vocational expert was called upon to testify (R.42-44). He classified the plaintiff's past work as sedentary to light and unskilled to semi-skilled labor. When asked to assume an individual of the plaintiff's education, training and work experience who could

2

perform light work activity and perform only simple or routine tasks he responded that such a person could not perform the plaintiff's former work but could perform a wide range of activity existing in the national economy (R.43). However, he also testified that if the individual could only work three days a week, she could not be employed (R.44).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed.

The plaintiff attended physical therapy between November 15, 2006 and March 9, 2007 for treatment of back pain. No improvement was achieved (R.168-175).

The plaintiff attended the Armstrong County Memorial Hospital pain clinic between November 6, 2006 and July 18, 2007 for treatment of leg and back pain. Nerve blocks were temporarily successful and medication was prescribed (R.176-186).

In a report of a neurological consultation conducted on July 15, 2009 a central to right sided L3-4 disc herniation was noted. Attendance at a pain clinic and nerve blocks were recommended (R.187-188).

Following an endoscopy performed on August 4, 2009, a diagnosis of hiatal hernia, esophagitis and moderate gastritis was made (R.189-191).

Dr. Samir Shah treated the plaintiff between November 5, 2009 and November 10, 2009 and performed myocardial perfusion imaging and a stress ECG both of which were normal (R.192-202).

The plaintiff was treated at the Community Guidance Center between May 26, 2006 and February 4, 2010 for depression. Medication was prescribed (R.205-224).

The plaintiff was treated at the Center for Spine and Pain Management between June 9, 2009 and March 2, 2010. Transforaminal injections were provided (R.225-241).

The plaintiff was treated by Dr. Bosco E. Noronha between March 11, 2009 and March 10, 2010 for sinonasal allergies (R.325-338).

In a report of an orthopedic consultation conducted on March 16, 2010, Craig C. McKirgan, D.O. noted right wrist pain. Medication was prescribed. No restrictions from sports, work or school were recommended (R.339-348).

In a report of a residual physical functional evaluation completed on April 2, 2010, Dr. Reyando M. Torio indicated that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds and stand, walk or sit for six hours. The plaintiff was said to be only partially credible (R.349-355).

The plaintiff was evaluated by Dr. Mushtaq A. Syed on April 14, 2010 and a diagnosis of hypothyroidism, hyper-parathyroidism and osteopenia was made (R.356-365).

In a report of a psychological evaluation conducted on April 19, 2010 anxiety and depression were noted with only slight limitations in functioning (R.366-374).

In a report of a residual mental capacity assessment completed on May 6, 2010, Lisa Cannon, Psy.D. observed that the plaintiff was able to meet the demands of competitive work. An adjustment disorder and anxiety were diagnosed (R.375-391).

The plaintiff was treated by Dr. Bosco E. Noronha between March 11, 2009 and August 13, 2010 for hypothyroidism, hyper-parathroidism and mild turbinate hypertrophy (R.396-403).

The plaintiff was treated by Dr. Mushtaq A. Syed between April 14, 2010 and February 9, 2011 for thyroid and parathyroid problems (R.404-426).

The plaintiff received outpatient mental health therapy between May 26, 2006 and March1, 2011 at the Community Guidance Center (R.392-395).

The plaintiff was treated by Dr. Michele Oleksak between April 6, 2011 and May 2, 2011 for a general anxiety disorder, chest pain, chronic low back pain, constipation, foot pain, hypothyroidism and a foot laceration (R.451-467).

The records from Indiana Regional Medical Center for the period from March 2, 2010 through May 6, 2011 demonstrate the administration of epidural steroids in the L4 area, treatment for back pain, vertigo, bronchitis, pharyngitis, chest wall pain, abrasions and a D and C (R.468-531).

The plaintiff was treated at Armstrong Primary Care between February 8, 2008 and July 29, 2011 for low back pain, hypothyroidism, anxiety and sinusitis (R.242-324, 561-601).

The plaintiff was treated between November 5, 2009 and August 2, 2011 by Dr. Samir Shah for chest pain, angina, coronary artery disease, hypothyroidism, depression, anxiety and shortness of breath (R.427-450, 532-560).

In reviewing a disability claim, in addition to considering the medical and vocational evidence, the Commissioner must consider subjective symptoms. Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1974). As the court stated in Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971):

> Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof.

In Good v. Weinberger, 389 F. Supp. 350, 353 (W.D. Pa. 1975), the Court stated:

> Bittel seeks to help those claimants with cases that so often fall within the spirit-- but not the letter--of the Act. That plaintiff did not satisfy the factfinder in this regard, so long as proper criteria were used, is not for us to question.

The applicable regulations require more explicit findings concerning the various vocational facts which the Act requires to be considered in making findings of disability in some cases. The regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he can exert in engaging in work activity), and if his impairment enables him to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

Based on the evidence presented, the Commissioner concluded:

The claimant meets the insured status requirements of the Social Security Act
through December 31, 2011.

The claimant has not engaged in substantial gainful activity since May 8, 2006.

The claimant has the following severe combination of impairments: DeQuervain's disease right wrist, back disorder, osteopenia, coronary artery disease, hiatal hernia with grade 1 esophogitis, mild to moderate gastritis, laryngopharyngeal reflux disease, hyperparathyroidism, hypothyroidism, hypertension, adjustment disorder, major depressive disorder, anxiety disorder, panic attacks and generalized anxiety disorder…

Listing 1.02 [DeQuervain's disease] is not met because the record does not demonstrate that the claimant's impairments are characterized by gross anatomical deformity…resulting in inability to perform fine and gross movements effectively…

Listing 4.04 [coronary artery disease] is not met because the record fails to establish ischemic heart disease, with symptoms due to myocardial ischemia… while on a regimen of prescribed treatment …

Listing 5.06 [hiatal hernia] is not met because the record does not demonstrate inflammatory bowel disease…

Listing 9.00 [hyperparathyroidism/hypothyroidism] is not met because the record fails to establish that the thyroid gland disorders have resulted in changes in blood pressure and heart rate…

Hypertension generally causes disability through its effects on other body systems…  In this case, the claimant is neurologically intact, retains the ability to ambulate effectively and perform fine and gross movements, and has no involvement of any other body system…

The severity of the claimant's mental impairments … do not meet or medically equal the criteria of listings 12.04 [adjustment/major depressive disorder] and 12.06 [anxiety disorder]. In making this finding, I have considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration…

In activities of daily living, the claimant has mild restriction…

In social functioning, the claimant has moderate difficulties…

With regard to concentration, persistence or pace, the claimant has moderate difficulties…

As for episodes of decompensation, the claimant has experienced no episodes of decompensation which have been of extended duration. There is no inpatient care, partial hospitalization, emergency treatment, homicidal ideation, or psychosis associated with decompensation. There have been no suicide attempts…

Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria are not satisfied.

I have also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The claimant's disorders have not caused a medically documented history of a chronic affective disorder of at least 2 year's duration that has cause more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication of psychosocial support, and one of the following …

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work … except she would need an option to sit or stand throughout the workday changing positions at a maximum frequency of every 30 minutes. She would be limited to simple, routine and repetitive tasks, not fast paced and only simple work decisions. She would be limited to incidental interaction with the public and coworkers…

After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

In terms of the objective evidence, the claimant's medical history is inconsistent with and unsupportive of the claimant's allegations of disability. The claimant's medical record establishes that the claimant's impairments do not prevent her from engaging in work within the residual functional capacity as stated… The claimant has received treatment from numerous sources. However, this treatment has been generally conservative in nature and has not been supportive of a finding of disability…

Accordingly, based upon the substantial weight of the objective medical evidence, the claimant's course of treatment, her level of daily activity, her work history and the medical opinion, which have been given the appropriate weight … I find that the claimant retains the residual functional capacity for work …

Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the

claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate… (R.10-23).[1]

The record demonstrates that the plaintiff suffers from a variety of physical and mental ailment, but none of them either individually or in combination have been determined to render her totally disabled. Rather, the Commissioner concluded that the plaintiff's reporting exaggerated her limitations. The Commissioner is the final arbiter of credibility, Diaz v. Commissioner, 577 F.3d 500, 506 (3d Cir.2009). Here, the Commissioner determined that the record was lacking in support for the plaintiff's allegations and as a result she was not entitled to benefits. Accordingly, this conclusion is supported by substantial evidence.

Summary judgment is appropriate when there are no disputed material issues of fact, and the movant is entitled to judgment as a matter of law. Lichtenstein v. UPMC, 691 F.3d 294, 300 (3d. Cir. 2012). In the instant case, there are no material factual issues in dispute, and it appears that the Commissioner's conclusion is supported by substantial evidence. For this reason, the plaintiff's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

---

[1] The Administrative Law Judge also noted that the fact that the plaintiff was permitted to adopt two young children after the alleged disability onset date was inconsistent with her claim of disability and undermined her credibility. Plaintiff's counsel takes issue with this statement because the Administrative Law Judge did not review the sealed adoption records. Nevertheless, the Administrative Law Judge's inference (that if the authorities had concluded that she was as debilitated as she claimed, they would not have permitted the adoptions to proceed) was a reasonable one and, in any event, the Administrative Law judge independently concluded that the plaintiff was not disabled as detailed above.

ORDER

AND NOW, this 24th day of March, 2014, for the reasons set forth in the foregoing Memorandum, the plaintiff's motion for summary judgment (ECF No. 18) is DENIED; the defendant's motion for summary judgment (ECF No. 20) is GRANTED, and the decision of the Commissioner is affirmed.

s/ Robert C. Mitchell<br>
United States Magistrate Judge